IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| SAMMIE CHANDLER, ) | Civil Action No. 3:08-712-HMH-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| MICHAEL JOHNSON, SGT. NICK, ) | |
| NURSE MICHELLE, in their individual ) | |
| and official capacity, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The pro se Plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. On July 2, 2008 and July 21, 2008, respectively, the Defendants filed motions to dismiss and for summary judgment. By orders of this Court filed July 8, 2008 and July 23, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately.

However, notwithstanding the specific warning and instructions as set forth in the Court's Roseboro orders, the Plaintiff failed to respond to the motions. As the Plaintiff is proceeding pro se, the court filed a second order on September 9, 2008, advising Plaintiff that it appeared to the Court that he was not opposing the motions and wished to abandon this action, and giving the Plaintiff an additional fifteen (15) days in which to file his response to the Defendants' motions to dismiss and for summary judgment. The Plaintiff was specifically warned that if he failed to respond, this action would be recommended for dismissal with prejudice for failure to prosecute. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Fed.R.Civ.P. 41(b).

On September 22, 2008, the Court's order was returned marked "Return to Sender, Not Deliverable as Addressed, Unable to Forward". In an order issued April 14, 2008, Plaintiff was specifically instructed as follows:

> You are ordered to always keep the Clerk of Court advised **in writing...**if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to file something you are required to file within a deadline set by a District Judge or a Magistrate Judge, <u>your case may be dismissed for violating this order</u>. Therefore, if you have a change of address before this case has ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address....**Your failure to do so will not be excused by the Court.** (emphasis added)

<u>See</u> Order filed April 14, 2008. Therefore, it appears that Plaintiff has failed to comply with the Court's previous order, and as a result neither the Court nor the Defendants have any means of contacting him concerning his case.

Additionally, as of this date, Plaintiff has still not responded to Defendants' motions to dismiss or for summary judgment. Therefore, Plaintiff meets all of the criteria for dismissal under <u>Chandler Leasing Corp.v. Lopez</u>, 669 F.2d 919 (4th Cir. 1982).[1] Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution. <u>See</u> <u>Davis</u>, 558 F.2d at 70; Fed.R.Civ.P. 41(b); <u>Ballard v. Carlson</u>, 882 F.2d 93, 95 (4th Cir. 1989) (Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning).

Based on the foregoing, and the previous instructions and specific warning given to the

---

[1] He is personally responsible for proceeding in a dilatory fashion, the Defendants are suffering prejudice by continuing to have these claims clouding their careers and continuing to incur legal expenses, and no sanctions appear to exist other than dismissal given the previous warnings and extensions provided. <u>Lopez</u>, 669 F.2d at 920.

Plaintiff in the Court's order of April 14, 2008, it is recommended that this action be **dismissed**, **with prejudice**, in accordance with Fed.R.Civ.P. 41(b). The Clerk is directed to send this Report and Recommendation to Plaintiff at his last known address.

**If the Plaintiff notifies the Court within the time set forth for filing objections to this Report and Recommendation that he wishes to continue with this case and provides a current address, the Clerk is directed to vacate this Report and Recommendation and return this file to the undersigned for further handling.** If, however, no objections are filed, the Clerk shall forward this Report and Recommendation to the District Judge for disposition. *See* Ballard, 882 F.2d at 95.

The parties are also referred to the Notice Page attached hereto.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

October 3, 2008

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).